IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MS. YVETTE MADISON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BARRY G. LAW, JR. | : | NO. 16-1395 |
| CAROLYN MCFADDEN | : | |

MEMORANDUM

DAVIS, J.                                                                                                                                                                                  MARCH  31, 2016

      Plaintiff Yvette Madison brings this civil action against two employees of Republic Bank, Barry G. Law, Jr. and Carolyn McFadden.  She seeks leave to proceed *in forma pauperis*.  The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss her complaint.

**I.      FACTS**

      On March 8, 2016, Mr. Law assisted plaintiff in opening a checking account and obtaining a safe deposit box at Republic Bank.  In connection with that transaction, plaintiff provided Mr. Law with her social security number, but "immediately requeste[d] [that] he return . . . back the yellow pad with the social security number on it."  (Compl. ¶ III.C.)  Law replied that he would shred the paper with the social security number when they were done.  Plaintiff stated that she wanted to shred the paper herself.  Law completed the transaction for plaintiff and provided her with a debit card and keys.

      Plaintiff informed Law that she forgot to put a password on her new account.  The two returned to Law's desk where plaintiff alleges that Law input a password that she previously used at another bank, Wells Fargo.  Plaintiff alleges that she had attempted to remove that password from her Wells Fargo account, apparently without success.  On March 12, 2016, she

again contacted Wells Fargo about the password issue and apparently had an interaction with which she was dissatisfied and for which she somehow faults Republic Bank.

It appears that Ms. McFadden conducts security for the branch of Republic Bank that plaintiff visited.  Plaintiff alleges that Ms. McFadden instructed her to close her account at Republic Bank and denied her access to the safety deposit box.

Based on those allegations, plaintiff brings claims for "harassment, violating [her] 8th amendment rights, racism discrimination, conspiracy, retaliation" and violation of the Health Insurance Portability and Accountability Act (HIPAA).  (Compl. ¶ V.)  She seeks $5,000 in damages.

## II.     STANDARD OF REVIEW

Plaintiff's motion to proceed *in forma pauperis* is granted because it appears she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the complaint if it is frivolous or fails to state a claim.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements[] do not suffice." *Id.*  As plaintiff is proceeding *pro se*, the Court construes her allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

**III.    DISCUSSION**

Plaintiff has not stated a legal basis for any federal claims.  There is no legal basis for a constitutional claim here because nothing in the complaint plausibly suggests that the defendants are state actors for purposes of 42 U.S.C. 1983 or that plaintiff's constitutional rights have in any way been violated as a result of her dealings with Republic Bank.  *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under [42 U.S.C.] § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.").  Nor does anything about plaintiff's allegations provide a plausible legal basis for a claim that the defendants somehow discriminated against plaintiff because of her race.  Furthermore, HIPAA does not provide a private right of action and, regardless, nothing in the complaint suggests that HIPAA is applicable here.  *See Polanco v. Omnicell, Inc.*, 988 F. Supp. 2d 451, 468 (D.N.J. 2013) ("HIPAA does not provide a private right of action to remedy HIPAA violations"); *Baum v. Keystone Mercy Health Plan*, 826 F. Supp. 2d 718, 721 (E.D. Pa. 2011) ("There is no federal private right of action under HIPPA.").

In the unlikely event that plaintiff has any basis for a claim against the defendants under state law, the Court lacks jurisdiction over those claims.  The only possible independent basis for subject matter jurisdiction over any state law claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."[1]  Here, the complaint does not reflect that the parties are diverse and the amount in controversy falls far below the jurisdictional threshold.

---

[1] The Court declines to exercise supplemental jurisdiction, having dismissed plaintiff's federal claims.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss plaintiff's complaint. Given the nature of plaintiff's allegations and upon consideration of other complaints that plaintiff has recently filed in this district—most of which assert baseless claims stemming from plaintiff's angry interactions with other individuals—the Court concludes that amendment would be futile. *See* E.D. Pa. Civ. A. Nos. 16-1396, 15-6837 & 15-5984. An appropriate order follows, which shall be docketed separately.